1  Harris & Ruble
   ALAN HARRIS (SBN 146079)
2  DAVID ZELENSKI (SBN 231768)
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, CA 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366

5  Attorneys for Plaintiff
   Raynaldo Agatep
6
   Bingham McCutchen LLP
7  JAMES SEVERSON (SBN 67489)
   SEJAL A. MISTRY (SBN 209616)
8  BRYAN E. DALEY (SBN 227517)
   Three Embarcadero Center
9  San Francisco, CA 94111-4067
   Telephone: (415) 393-2000
10 Facsimile: (415) 393-2286

11 Attorneys for Defendant
   Station Operators, Inc.
12

13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16                          WESTERN DIVISION

17

18 RAYNALDO AGATEP, individually and        No. CV-05-2342-GAF (SSx)
   on behalf of all others similarly situated,
19                                           [PROPOSED] ORDER
              Plaintiff,                     PRELIMINARILY
20                                           APPROVING CLASS ACTION
         v.                                  SETTLEMENT AND
21                                           PROVIDING FOR CLASS
   STATION OPERATORS, INC. and DOE           NOTICE
22 ONE through DOE 10,

23            Defendants.

24
         WHEREAS an action is pending before the Court entitled Raynaldo
25
   Agatep v. Station Operators, Inc., Case No. CV-05-2342-GAF (SSx);
26
         WHEREAS, the parties having made application for an order
27
   approving the settlement of this action, in accordance with a Stipulation of
28
   ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
                 AND PROVIDING FOR CLASS NOTICE

SF/21660294.2/2008380-0000313243

1  Settlement lodged with the Court concurrently with their original application, and a
2  subsequent Amendment to Stipulation of Settlement (hereafter "Amendment")
3  lodged with the Court in response to certain concerns raised by the Court, which
4  together set forth the terms and conditions for a proposed settlement of the
5  Litigation (as defined in Part I of the Stipulation) and for dismissal of the
6  Litigation with prejudice upon the terms and conditions set forth therein; and the
7  Court having read and considered the Stipulation and the Amendment and the
8  exhibits (as revised) annexed thereto;

9       WHEREAS, all defined terms contained herein shall have the same
10 meanings as those set forth in the Stipulation and Amendment;

11       NOW, THEREFORE, IT IS HEREBY ORDERED:

12       1.   The Court does hereby preliminarily approve the Stipulation
13 and Amendment and the settlement set forth therein as being "within the range of
14 possible approval" and as disclosing no "grounds to doubt its fairness." *See West*
15 *v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 42074 at *34 (E.D. Cal. June 13,
16 2006), *quoting Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982).

17       2.   Solely for purposes of the proposed settlement, a Settlement
18 Class is hereby provisionally certified pursuant to California Code of Civil
19 Procedure §382 as follows:

20       All non-exempt or hourly Assistant Store Managers,
         Sales Associates, Key Food Service Supervisors, Food
21       Service Associates, Inventory Specialists or Attendants
         who worked for Defendant in a California retail
22       convenience store at any time from February 17, 2001
         and the date of preliminary approval of the settlement.
23

24       3.   Solely for purposes of the proposed settlement, the Court does
25 hereby preliminarily approve Alan Harris, Harris & Ruble, 5455 Wilshire
26 Boulevard, Suite 1800, Los Angeles, CA 90036 as Class Counsel, and Raynaldo
27 Agatep as the Representative Plaintiff and does hereby appoint Rust Consulting,
28 Inc., as the parties' chosen Settlement Administrator.

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND PROVIDING FOR CLASS NOTICE

SF/21660294.2/2008380-0000313243

1    4.    On **March 26, 2006, at 9:30 a.m.**, or on such other date and time as the Court may designate, a hearing (the "Final Approval Hearing") shall be held before this Court, in Department 740 of the United States District Court for the Central District of California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation and Amendment is fair, reasonable and adequate and should be approved by the Court; whether the Judgment as provided in ¶1.14 of the Stipulation should be entered herein; and to determine the amount of attorneys' fees and costs that should be awarded to Class Counsel.

5.    The Court approves, as to form and content, the amended Notice of Pendency of Class Action, Preliminary Approval of Settlement and Hearing for Final Approval (the "Class Notice") and the amended Claim Form, which are annexed as Exhibits to the Amendment to the Stipulation of Settlement, and finds that the distribution of the amended Class Notice substantially in the manner set forth in ¶6 of this Order meets the requirements of California law and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.    The Settlement Administrator shall supervise and administer the notice procedure as more fully set forth below:

(a)    Within 10 business days following entry of this Order, Defendant shall provide to the Settlement Administrator a list of all potential Settlement Class Members, including the name of such Member, the starting and ending dates of such Member's employment as a non-exempt convenience store employee, his/her social security number and last known address as reflected in Defendant's records.

(b)    On **January 15, 2007,** ~~or on such other date as the parties may agree,~~ the Settlement Administrator shall distribute, by a first class mailing to all Settlement Class Members, a copy of the amended Class Notice and amended

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND PROVIDING FOR CLASS NOTICE
3

1 Claim Form.

2     (c) In accordance with ¶1.10 and ¶2.6 of the Stipulation and Amendment, in order to be considered timely and valid, all Claim Forms must be postmarked no later than 30 days after the date the Settlement Administrator mails the Class Notice and Claim Forms to the Settlement Class Members. ~~If, as the parties anticipate, the mailing takes place on January 15, 2007,~~ T̂o be timely and valid all Claim Forms must be postmarked on or before **February 15, 2007**; provided, however, that with respect to any claims for which a second mailing was required as a result of the initial mailing being returned as undeliverable, the postmark date for such Claim Forms shall be extended 15 days, or until **March 2, 2007.** ~~assuming the initial mailing takes place on January 15, 2007.~~

    (d) At least 10 business days prior to the date on which the Court schedules the Final Approval Hearing, the Settlement Administrator shall serve on Defendant's counsel and Class Counsel, and Defendant's counsel shall file with the Court, proof, by affidavit or declaration, of such distribution.

    (e) The Settlement Administrator shall take reasonable steps to locate Settlement Class Members as more fully set forth in ¶4.2 of the Stipulation.

7. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

8. Any Member of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Member of the Settlement Class who does not enter an appearance or exclude him or herself from the Class, i.e., opt out, will be represented by Class Counsel as to all of the Released Claims.

9. Pending final determination of whether the settlement should be approved, neither the Representative Plaintiff, nor any Settlement Class Member, either directly, representatively or in any other capacity, shall commence or

1 prosecute against Defendant or any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Settlement Class Member who wishes to be excluded (opt out) from the Settlement Class and not participate in the proposed settlement must submit a written request to be excluded, which shall include:

    a. The Settlement Class Member's name;

    b. The Settlement Class Member's address, telephone number and Social Security Number; and

    c. That the Settlement Class Member wishes to be excluded from the Settlement Class and from participating in the proposed settlement.

11. After completing a written request for exclusion as provided in ¶10, any Settlement Class Member wishing to be excluded must:

    a. Sign the request for exclusion.

    b. Return the request for exclusion to the Settlement Administrator's address, which shall be provided on the Class Notice.

    c. Return the request for exclusion so that it is postmarked no later than 30 days after the date of mailing by the Settlement Administrator of the Class Notice.

12. Any Member of the Settlement Class may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why the enhancement award and settlement payment should or should not be made to the Representative Plaintiff; provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Representative

1  Plaintiff or the attorneys' fees and costs awarded to Class Counsel, unless that
2  Person has, no later than 30 days after the date of mailing of the Class Notice (or
3  not later than **February 15, 2007**, ~~assuming the Class Notice is mailed on January~~
4  ~~15, 2007)~~ (1) served by hand or by first class mail on the Settlement Administrator
5  and counsel for the Parties written objections, and copies of any papers and briefs
6  in support thereof, explaining the basis of the objection; and (2) filed these
7  objections, papers and briefs with the Clerk of the United States District Court for
8  the Central District of California, 255 East Temple St., Los Angeles, CA 90012.
9  All timely filed and served objections shall be considered and ruled upon by the
10 Court at the Final Approval Hearing.  Any Member of the Settlement Class who
11 does not timely file and serve his or her objection in the manner provided above
12 shall be deemed to have waived such objection and shall forever be foreclosed
13 from making any objection to the fairness or adequacy of the proposed settlement
14 as incorporated in the Stipulation and any award of attorneys' fees and costs
15 awarded to Class Counsel and any enhancement award and settlement payment to
16 the Representative Plaintiff, unless otherwise ordered by the Court.
17         13.   All papers in support of the settlement, including papers in
18 support of Class Counsel's request for reasonable attorneys fees and costs and in
19 support of the request for a payment to be made to the Representative Plaintiff both
20 as an enhancement award as in settlement and compromise of his individual
21 claims, shall be filed and served no later than **March 15, 2007**.
22         14.   At the Final Approval Hearing, the Court shall determine
23 whether the proposed settlement, any application for attorneys' fees or
24 reimbursement of costs, and any application for the enhancement award and
25 settlement payment to the Representative Plaintiff, shall be approved.
26 / / / / / / /
27 / / / / / / /
28

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND PROVIDING FOR CLASS NOTICE

6

1         15.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

DATED: December 5, 2006

_____
Hon. Gary A. Feess
United States District Judge

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND PROVIDING FOR CLASS NOTICE

7

## PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On December 1, 2006, I served the within document(s): **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR CLASS NOTICE.**

I caused such to be delivered by hand in person to:

N/A.

I caused such to be delivered by fax to:

N/A.

I caused such to be delivered by e-mail to:

N/A.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

James Severson
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111

I declare under penalty of perjury that the above is true and correct. Executed on December 1, 2006, at Los Angeles, California.

David Zelenski

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR CLASS NOTICE

8